

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-16-2005

# Govt Empl Ret Sys v. Turnbull

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-2342

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Govt Empl Ret Sys v. Turnbull" (2005). *2005 Decisions*. Paper 1189.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/1189

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 04-2342

———

GOVERNMENT EMPLOYEES RETIREMENT SYSTEM
OF THE GOVERNMENT OF THE UNITED
STATES VIRGIN ISLANDS

Appellant

v.

CHARLES TURNBULL, Ph.D., as Governor of the Virgin Islands;
GOVERNMENT OF THE VIRGIN ISLANDS;
LEGISLATURE OF THE UNITED STATES VIRGIN ISLANDS

———

On Appeal from the District Court of the Virgin Islands
(D.C. No. 01-cv-00069)
District Judge: Honorable Thomas K. Moore

———

Argued April 20, 2005
Before: NYGAARD, RENDELL, and SMITH, Circuit Judges.

(Filed: May 16, 2005)

Vincent F. Frazer, Esq. (Argued)
Law Office of Frazer & Williams
Windward Professional Building
70B Kronprindsesns Gade, Suite 320
Charlotte Amalie, St. Thomas, USVI, 00802
    Counsel for Appellant

Adriane J. Dudley, Esq. (Argued)

Dudley Clark & Chan
9720 Estate Thomas, Suite 1
Charlotte Amalie, St. Thomas, USVI, 00802
<u>Counsel for Appellees Charles Turnbull and the Government
of the Virgin Islands</u>

Yvonne L. Tharpes, Esq. (Argued)
Office of the Legislative Legal Counsel
P. O. Box 1690
Charlotte Amalie, St. Thomas, USVI, 00804
<u>Counsel for Appellee Legislature of the United States Virgin Islands</u>

_____

OPINION OF THE COURT

_____

NYGAARD, <u>Circuit Judge</u>.

Appellant, Government Employees Retirement System of the Government of the United States Virgin Islands ("GERS"), filed this action against Charles Turnbull, in his capacity as Governor of the Virgin Islands; the Legislature of the Virgin Islands; and the Government of the Virgin Islands ("Appellees"). GERS appeals the District Court's order granting Appellees' Motion to Dismiss. For reasons different from those given by the District Court, we will affirm.

**I.**

On June 24, 1959, the Legislature passed legislation enacting GERS. GERS was established as an employee benefit and pension plan for employees of the Government of the Virgin Islands. The legislation provided that GERS would be financed by

contributions from the employees, the Government as employer, and investments and interest income. Although the legislature granted management authority to a Board of Trustees to operate and manage GERS, it reserved for itself the power and responsibility to determine and adjust the contribution rates. *See* 3 V.I.C. § 718.

In 1994, the Legislature enacted the Early Retirement Incentive, Training, and Promotion Act of 1994, which required the Government, as employer, to make quarterly contributions to GERS on behalf of the eligible employees to cover the cost of any special early retirement program. However, the Government failed to remit the quarterly payments in accordance with the law. By 1999, GERS had an unfunded liability in excess of $500,000,000.

This is not the first time the District Court has considered complaints about the unfunded liability of the system and the Government's refusal to make contributions.[1] In

---

[1]This dispute dates backs more than 20 years. In 1984, GERS and the Government entered into a consent judgment, settling an action in which GERS alleged that the Government was not fulfilling its obligation to timely remit contributions to the system. In 1994, the District Court approved a modified consent judgment, which required the establishment of a separate interest bearing bank account for GERS, deposits of contributions by the Government into the new account within twenty-one days after collection, and completion of a system audit.

In 1994, Claude Malloy and three other retirees brought suit against GERS and the Government alleging claims under the Fifth and Fourteenth Amendments, along with claims for waste, mismanagement, and breach of fiduciary duty. The District Court dismissed the bulk of the plaintiffs' claims for lack of standing, and then dismissed the territorial and common law claims for lack of subject matter jurisdiction. *Malloy v. Monsato*, 30 V.I. 164, 187–89 (D.V.I. 1994).

the case now on appeal, GERS filed suit for an injunction, damages to recover monies that are owed to it, and to force the Government to comply with its contractual obligations. The Legislature filed a motion to dismiss the complaint. The District Court heard argument on the motion. After a hiatus of nearly two years, the Court granted the motion to dismiss without an opinion, concluding GERS failed to show the existence of a contractual obligation arising from the local statute establishing GERS, and therefore it lacked standing. Additionally, because no federal claims were properly before the Court, it held that it lacked pendent jurisdiction over the local claims. GERS filed a Motion for Reconsideration, which the District Court denied, also without an opinion. This appeal followed.

## II.

Although neither party raises the question of our jurisdiction, federal courts are bound by the justiciability doctrines of Article III of the United States Constitution. Here, the ripeness doctrine is dispositive.

Ripeness, like other justiciability doctrines, ultimately derives from Article III's requirement that federal courts may decide only cases and controversies. *Felmeister v. Office of Attorney Ethics*, 856 F.2d 529, 535 (3d Cir. 1988); *see also Nextel Communications of the Mid-Atlantic, Inc. v. City of Margate*, 305 F.3d 188, 192 (3d Cir. 2002). Considerations of ripeness are sufficiently important that we are required to raise the issue *sua sponte*, even when the parties do not question our jurisdiction. *Id*. (citing

4

*Suburban Trails, Inc. v. New Jersey Trans. Corp.*, 800 F.2d 361, 365 (3d Cir. 1986)).

The Supreme Court has stated that to meet the ripeness standard, plaintiffs must show either a specific present objective harm or the threat of specific future harm. *Laird v. Tatum*, 408 U.S. 1, 14 (1972). Futhermore, "[a] claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all." *Texas v. United States*, 523 U.S. 296, 300 (1998) (internal citations omitted).

Here, GERS has failed to establish a justiciable case or controversy by failing to demonstrate a specific harm, either present or future. At oral argument, counsel for GERS conceded that no GERS members have suffered any harm. Additionally, there is no evidence in the record that any GERS members have been denied, or are about to be denied retirement benefits, or were otherwise injured as a consequence of the claims alleged. Because any injury that may occur in the future is speculative, it would be improper for us to resolve the merits of the case now.

Because this case is not ripe for judicial review, it does not present a justiciable "case or controversy." Accordingly, we will affirm the District Court's order dismissing the complaint.